**[J-20-2020] [OAJC: Dougherty, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 25 WAP 2019 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court entered October 18, |
| | : | 2018 at No. 1082 WDA 2017, |
| v. | : | affirming the Judgment of Sentence |
| | : | of the Court of Common Pleas of |
| | : | Allegheny County entered June 27, |
| LAVELLE JOHNSON, | : | 2017 at No. CP-02-CR-0000765- |
| | : | 2015. |
| Appellant | : | |
| | : | SUBMITTED:  April 16, 2020 |

**DISSENTING OPINION**

**JUSTICE MUNDY**                                      **DECIDED:  OCTOBER 21, 2020**

I respectfully disagree with the lead opinion, which focuses on an issue not accepted for review by this Court, and which was not specifically briefed by the parties. This Court extended its discretionary review to consider whether "the Superior Court err[ed] in ruling that the search warrant obtained to search [Appellant's] cell phone was not unconstitutionally overbroad . . . [thus] allowing an essentially unlimited search of the device for evidence of illegal narcotics and firearm possession." *Commonwealth v. Johnson*, 208 A.3d 56 (Pa. 2019) (per curiam order).  Rather than address the relevant issue, the lead opinion engages in an analysis of the probable cause determination underlying the search warrant for the digital contents of Appellant's cell phone.  Opinion Announcing the Judgment of the Court at 16-21.  I join in the reasoning of Chief Justice Saylor's dissent, and similarly distance myself from a case resolution favorable to an appellant who has not pursued the dispositive issue on appeal.